

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. SMITHBACK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0578-M |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* prisoner civil rights action brought by Plaintiff Robert N. Smithback, a Texas prisoner, challenging certain provisions of the Prison Litigation Reform Act and a TDCJ policy that prohibits inmates from creating illustrations on outgoing correspondence. Process has been withheld pending an initial screening of the complaint.[1] On April 4, 2005, plaintiff filed an emergency motion for a restraining order. For the reasons stated herein, the motion should be denied.

An application for temporary restraining order is governed by the same factors as an application for preliminary injunction. *See Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 62 n.1 (N.D. Tex. 1986) (Sanders, J.). In order to obtain temporary injunctive relief, the movant must establish four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and (4) the granting of injunctive relief must not

---

[1] Plaintiff cannot proceed *in forma pauperis* because he has filed three prior civil actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). However, his complaint still is subject to screening by the court. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity.").

disserve the public interest. *Harris County, Texas v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999), *citing Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Conclusory allegations are not sufficient to support a claim for injunctive relief. *See Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Rather, strict proof of each element is required before a preliminary injunction may issue. *See Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services, Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S.Ct. 80 (1987).

Plaintiff contends there is a need for a temporary restraining order because he "fears that the Defendants may wish to retaliate against [him] for filing this civil action against them." (Plf. Mot. at 1). However, no facts are alleged to support this conclusory assertion. Accordingly, plaintiff's motion for a restraining order should be denied.

DATED: April 5, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE