IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT N. SMITHBACK                  §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §            NO. 3-05-CV-0578-M
                                     §
STATE OF TEXAS, ET AL.               §
                                     §
            Defendants.              §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The

findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Robert N. Smithback, a Texas

prisoner, challenging certain provisions of the Prison Litigation Reform Act ("PLRA") and a Texas

Department of Criminal Justice ("TDCJ") policy that prohibits inmates from embellishing outgoing

envelopes with illustrations or written messages.  On March 22, 2005, plaintiff paid the statutory

filing fee and submitted a complaint accusing 14 different defendants of "domestic terrorism,"

"treason," "abuse of power," and civil rights violations.[1]  An amended complaint naming three

additional defendants was filed on April 5, 2005.  Written interrogatories were then sent to plaintiff

in order to obtain additional information about the factual basis of his suit.  Plaintiff answered the

---

[1]  Plaintiff is not allowed to proceed *in forma pauperis* because he filed three or more civil actions while
incarcerated that were dismissed as frivolous or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).  To the extent
plaintiff challenges the "three strikes" provision of the PLRA on constitutional grounds, the Fifth Circuit has held that
the statute does not violate due process.  *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

interrogatories on May 25, 2005.  The court now determines that plaintiff should be allowed to prosecute his claims against Christina Melton Crain and Susie Chiles.  All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915A.[2]

## II.

Although his pleadings are less than a model of clarity, the gravamen of plaintiff's complaint is that TDCJ Board Policy ("BP") 03.91 violates his First Amendment right to freedom of religion. The policy, which became effective June 1, 2004, establishes uniform rules for offender correspondence.  One such rule provides:

> Offenders may not embellish their outgoing envelopes with illustrations or written messages other than the return address, the name and address of the intended recipient, and a notation that the envelope contains legal, special, or medial mail.

BP-03.91, § I(C)(4).  In November 2004, plaintiff attempted to mail a letter with a handwritten drawing of a cross surrounded by the words "Jesus" and "LORD!" on the envelope.  (Plf. Compl., Exh. A).  Prison officials refused to mail the letter citing BP-03.91.  Plaintiff now complains that this policy interferes with his ability to express his Christian beliefs.  By this suit, plaintiff seeks $25 million in damages and declaratory and injunctive relief, including an order removing the individual defendants from office and forcing them to face criminal charges.

## A.

---

[2]     Section 1915A provides, in relevant part:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A-(a).  The statute applies to any suit by a prisoner against a governmental entity, officer, or employee regardless of whether the prisoner is proceeding *in forma pauperis* or has paid the statutory filing fee.  *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 2405 (1999).

A district court may summarily dismiss a civil action brought by a prisoner against a governmental entity, officer, or employee if it concludes that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(b)(1).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

## B.

The court initially observes that many defendants named in plaintiff's complaint cannot be sued for money damages under 42 U.S.C. § 1983.  The State of Texas and its agencies, the Texas Board of Criminal Justice and the Texas Department of Criminal Justice, are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.  *See, e.g. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Ruiz v. Price*, 2003 WL 22975507 at *1 (5th Cir. Dec. 16, 2003); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied*, 120 S.Ct. 130 (1999).  Senator John Whitmire and unnamed members of the Texas Senate and House of Representatives are immune from liability for their legislative actions.  *See Tenney v. Brandhove*, 341 U.S. 357, 371, 71 S.Ct.

783, 785, 95 L.Ed. 1019 (1951); *Bryan v. City of Madison*, 213 F.3d 267, 272 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1081 (2001).

Nor has plaintiff stated a cognizable claim against Governor Rick Perry, Lieutenant Governor David Dewhurst, TDCJ Executive Director Brad Livingston, TDCJ-ID Director Douglas Dretke, and the American Correctional Association.[3] Personal involvement is an essential element in a civil rights action under 42 U.S.C. § 1983. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983). In order to satisfy this requirement, a plaintiff must establish that the defendant "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between the act of the [defendant] and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). None of these defendants are policymakers of the Texas Board of Criminal Justice or were personally involved in the enforcement of BP-03.91. (*See Spears* Quest. #5, 6, 12, 17). Consequently, they cannot be sued under section 1983.

C.

The only other defendants named by plaintiff are Christina Melton Crain, Chair of the Texas Board of Criminal Justice, and Susie Chiles, TDCJ Mail System Coordinator. Plaintiff alleges that these defendants violated his constitutional rights by promulgating and enforcing a policy that interferes with his religious beliefs.

The Supreme Court has established a "rational relationship" test for analyzing the constitutionality of regulations that burden a prisoner's fundamental rights. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987). Under this test, the court must consider: (1) whether a valid, rational connection exists between the prison regulation and the legitimate

---

[3]  BP-03.91 was patterned on similar standards promulgated by the American Correctional Association.

governmental interest put forward to justify it; (2) whether an alternative means of exercising the fundamental right remains open to prisoners; (3) what impact accommodating the asserted constitutional right will have on guards and other inmates; and (4) whether there is an "absence of ready alternatives" to the regulation in question. *Id.*, 107 S.Ct. at 2262. *See also Adkins v. Kaspar*, 393 F.3d 559, 563-64 (5th Cir. 2004), *pet. for cert. filed*, (U.S. Apr. 7, 2005) (No. 04-1347); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Without suggesting a view of the merits of plaintiff's claim in another procedural context, such as a motion for summary judgment, the court determines that he has sufficiently stated a claim for relief at this stage of the litigation.

However, plaintiff is not entitled to a declaration or an injunction removing defendants from office and forcing them to face criminal charges. *See Smithback v. Perry*, 2004 WL 2114704 at *1 n.2 (N.D. Tex. Sept. 22, 2004), *rec. adopted as modified*, 2004 WL 2479904 (N.D. Tex. Nov. 3, 2004) (plaintiff not entitled to resignation of state officials); *Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749, 756 (5th Cir. 2001) (government has "extraordinarily wide discretion" in deciding whether to prosecute). These claims are frivolous and should be summarily dismissed.

III.

Finally, plaintiff contends that the exhaustion requirement of the PLRA is unconstitutional.[4] This claim fails for at least two reasons. First, the only defendant sued under this theory, the United States of America, is entitled to sovereign immunity. *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Management Council*, 364 F.3d 269, 273-74 (5th Cir. 2004) (federal government

---

[4] Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Ferrington v. Louisiana Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002), *cert. denied*, 124 S.Ct. 206 (2003), *citing Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (prisoner must exhaust all available administrative remedies regardless of nature of relief sought).

cannot be sued unless it has waived immunity or consented to suit); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 1131-32, 155 L.Ed.2d 40 (2003) (consent to suit must be unequivocally expressed).  Second, it appears that plaintiff exhausted his administrative remedies before filing this suit.  (*See* Plf. Compl., Exh. B).  Consequently, there is no longer any justiciable controversy before the court.[5]

## **RECOMMENDATION**

Plaintiff should be permitted to prosecute his claims against Christina Melton Crain and Susie Chiles.  All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 2, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[5]  Although plaintiff does not allege any facts to support this claim, the court surmises that it arises out of the dismissal of a prior lawsuit for failure to exhaust administrative remedies.  *See Smithback v. Perry*, 2004 WL 2114704.  After that case was dismissed, plaintiff filed appropriate grievances with prison officials.