IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. SMITHBACK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0578-BD |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants Christina Melton Crain, Chair of the Texas Board of Criminal Justice ("TBCJ"), and Susan Chiles, former Texas Department of Criminal Justice ("TDCJ") Mail System Coordinator, have filed a motion for summary judgment in this prisoner civil rights action. At issue are the TBCJ Uniform Offender Correspondence Rules, which prohibit inmates from "embellish[ing] their outgoing envelopes with illustrations or written messages other than the return address, the name and address of the intended recipient, and a notation that the envelope contains legal, special, or media mail." TBCJ BP-03.91, § I(C)(4). Plaintiff contends that this policy violates his rights under: (1) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*; (2) the Texas Religious Freedom Restoration Act ("TRFRA"), Tex. Civ. Prac. & Rem. Code § 110.001, *et seq.*; (3) the First Amendment to the United States Constitution; and (4) Article 1, Section 6 of the Texas Constitution. Defendants offer a number of reasons why the policy withstands scrutiny under federal and state law, including it does not "substantially burden" religious practice and is rationally related to a legitimate penological interest. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Plaintiff complains that prison authorities, relying on Board Policy 03.91, refused to let him send a letter to his family in an envelope containing a handwritten drawing of a large cross surrounded by the words "Jesus" and "LORD!" According to plaintiff, this policy impermissibly interferes with his ability to publicly express his Christian beliefs in violation of RLUIPA and its state counterpart, TRFRA. The relevant section of RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1)   is in furtherance of a compelling governmental interest; and
>
> (2)   is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. An almost identical provision appears in TRFRA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.003(a) & (b) (Vernon 2005). Under both statutes, there is no cause of action

unless the governmental policy or regulation imposes a "substantial burden" on the exercise of religion. A policy or regulation substantially burdens religious activity if it either "(1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 2549 (2005), *citing Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 717-18, 101 S.Ct. 1425, 1432, 67 L.Ed.2d 624 (1981) (defining "substantial burden" under RLUIPA); *see also Balawajder v. Texas Dept. of Criminal Justice*, ___ S.W.3d ___, 2006 WL 2192613 at *3 (Tex. App.--Houston [1st Dist.], Jul. 31, 2006, pet. denied) (deferring to federal case law in interpreting TRFRA).

Plaintiff contends that Board Policy 03.91 substantially burdens the practice of his religion because it "forces [him] to choose between being able to correspond and decorating his correspondence with religious materials." (Plf. Resp. Br. at 7). As a devout Christian, plaintiff believes it is necessary to demonstrate his faith and minister to others by placing religious symbols on correspondence. (*See id.*, Exh. 2 at 3, ¶ 11). However, the policy at issue does not prohibit plaintiff from decorating *correspondence* with religious symbols and writings. It only bars inmates from "embellish[ing] their outgoing *envelopes* with illustrations or written messages[.]" TBCJ BP-03.91, § I(C)(4) (emphasis added). There is no evidence that this policy has influenced plaintiff to act in a way that violates his religion or has forced him to choose between enjoying some generally available, non-trivial benefit and following his religious beliefs. *See Adkins*, 393 F.3d at 570. To the contrary, plaintiff remains free to send correspondence, adorned with religious symbols and messages, to the general public, thereby allowing him to practice his religion by ministering to others through the mail. *See, e.g. Procunier v. Martinez*, 416 U.S. 396, 408, 94 S.Ct. 1800, 1809, 40

L.Ed.2d 224 (1975) ("Communication by letter is not accomplished by the act of writing words on paper. Rather, it is effected only when the letter is read by the addressee."). The court concludes, as a matter of law, that Board Policy 03.91 does not "substantially burden" the exercise of plaintiff's religion. This effectively terminates the inquiry under RLUIPA and TRFRA.[1]

Nor does the policy violate plaintiff's right to free speech or freedom of religion under the First Amendment to the United States Constitution. In order to establish a constitutional violation, plaintiff must demonstrate that prison officials prevented him from exercising or expressing his religious beliefs without any justification related to a legitimate penological concern. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987). A court must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 2168, 156 L.Ed.2d 162 (2003). The burden is on the prisoner to prove that the regulation is invalid. *Id.*, 123 S.Ct. at 2168.

The evidence adduced by defendants clearly shows a rational connection between Board Policy 03.91 and a legitimate penological interest. Pamela Williams, TDCJ-ID Deputy Director of Support Operations, states that the policy was implemented after the United States Postal Service asked prison mailrooms to take affirmative steps to prevent non-mailable items, such as envelopes containing obscene drawings,[2] from being placed into the mailstream. Before the policy, prison mailrooms had to re-process items returned from the Postal Service. This created an undue burden

---

[1] In light of the resolution of this threshold issue, the court need not consider whether Board Policy 03.91 furthers a legitimate governmental interest and is the least restrictive means of furthering that interest.

[2] Federal law prohibits envelopes upon which "delineations, epithets, terms, or language of an indecent, lewd, lacivious, or obscene character are written or printed or otherwise impressed or apparent" from being placed in the U.S. mails. *See* 18 U.S.C. § 1463.

on the mailrooms, which typically process 9.2 million items of outgoing correspondence every six months.  In addition, mailrooms have always refused to mail envelopes containing gang insignia or hidden gang messages.  This required the mailroom staff to make judgment calls as to whether a particular drawing or message was gang-related--a very labor intensive and time consuming endeavor.  By imposing a blanket prohibition against illustrations and written messages on envelopes, Board Policy 03.91 creates uniform rules governing all outgoing correspondence, thereby reducing the burden on prison mailrooms.  (*See* Def. MSJ App. at 001-02).  The court has little difficulty in concluding that this policy is rationally related to the legitimate penological interests of improved resource allocation and promoting prison safety.  *See Guajardo v. Crain*, No. A-04-CA-639-SS, op. at 10-12 (W.D. Tex. Jul. 27, 2005).  Consequently, there is no federal constitutional violation.[3]

Finally, plaintiff alleges that Board Policy 03.91 violates the free exercise clause of Article 1, § 6 of the Texas Constitution.  This claim fails for three reasons.  First, to the extent plaintiff sues defendants in their official capacities, they are entitled to sovereign immunity.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *McLane Co., Inc. v. Stayhorn*, 148 S.W.3d 644, 648-49 (Tex. App.--Austin 2004, pet. denied) (sovereign immunity applies to claims for declaratory and injunctive relief against state employees sued in their official capacities).  Second, there is no statutory or common law cause of action for damages resulting from violations of the Texas Constitution.  *See Williams v. Kaufman Co.*, No. 3-97-CV-0875-L, 1998 WL 34190569 at *6 (N.D. Tex. Sept. 18, 1998) (Kaplan, J.), *citing City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995).  Third, Texas courts have repeatedly refused to

---

[3] The court also notes that plaintiff has not suffered any physical injury as a result of Board Policy 03.91.  Absent proof of physical injury, plaintiff may not recover compensatory damages for mental or emotional harm.  *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

interpret the Texas Bill of Rights, including the free exercise clause, more broadly than the First Amendment. *See HEB Ministries, Inc. v. Texas Higher Education Coordinating Bd.*, 114 S.W.3d 617, 636 (Tex. App.--Austin 2003, pet. granted) (citing cases). Because the court has determined that Board Policy 03.91 does not violate the First Amendment, there is no violation of the Texas Constitution.

## CONCLUSION

For these reasons, defendants' motion for summary judgment [Doc. #83] is granted. The court will dismiss with prejudice all claims brought by plaintiff against defendants by separate judgment filed today.

SO ORDERED.

DATED: January 29, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE